

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. Geo. W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. 0-1007
Re: Authority of the State De-
partment of Health, and
local county and city health
units to execute certificates
reflecting the purity, or ex-
cellence of foods or drugs.

We acknowledge receipt of your letter of June 8, 1939, requesting an opinion on the following questions:

"1. Does Article 715, P.C., pro-
hibit the State Health Department or
any employee thereof issuing a certif-
icate as to the excellence or purity
of any food or drug similar to the one
appearing below?

"2. Does Article 715, P. C., pro-
hibit county and city health departments
or their employees issuing said certif-
icates?

"3. What is the legal status of
the certificate copied below, issued by
a city official of Lubbock, bearing the
State seal and containing the phrase
'Inspected by the State of Texas, etc.'"?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

4

```
:_____:
:                                                 :
:           C E R T I F I C A T E                 :
:                                                 :
:(State Seal)                                      :
:                                                 :
:           This is to certify that the           :
:egg product contained herein was produced        :
:from edible eggs produced within the Unit-       :
:ed States, and has been inspected by State       :
:of Texas, County of Lubbock, Health De-          :
:partment on date _____, 193_.        :
:Code _____.                                    :
:                                                 :
:                                                 :
:           _____           :
:           Signature of Authorized Agent         :
:                                                 :
:                                                 :
:_____:
```

Article 715, P.C., reads as follows:

"The State Halath Department or
any employee thereof shall not furnish
to any individual, firm or corporation
any certificate as to the purity or ex-
cellence of any article manufactured or
sold to or by them to be used as food
or drug or in the preparation of food or
drugs."

Regarding the powers of city and county health of-
ficers, we refer to the following statutes as having some
bearing upon the questions you asked.

"Art. 4423. COUNTY HEALTH OFFICER.
The commissioners court by a majority
vote in each organized county shall bi-
ennially appoint a proper person for the
office of county health officer for his
county, who shall hold office for two
years. Said county health officer shall
take and subscribe to the official oath,
and shall file a copy of such oath and a
copy of his appointment with the Texas
State Board of Health; and, until such
copies are so filed, said officer shall

not be deemed legally qualified. Compensation of said county health officer shall be fixed by the commissioners court; provided, that no compensation or salary shall be allowed except for services actually rendered."

"Art. 4425. CITY HEALTH OFFICER. The governing body of each incorporated city and town within this State shall elect a qualified person for the office of city health officer by a majority of the votes of the governing body, except in cities which may be operated under a charter providing for a different method of selecting city physicians, in which event the office of city health officer shall be filled as is now filled by the city physician, but in no instance shall the office of city health officer be abolished. The city health officer, after appointment, shall take and subscribe to the official oath, and shall file a copy of such oath and a copy of his appointment with the Texas State Board of Health, and shall not be deemed to be legally qualified until said copies shall have been so filed."

"Art. 4426. HEALTH OFFICERS APPOINT (APPOINTED) BY BOARD, WHEN -- If said authorities shall fail, neglect or refuse to fill the office of county or city health officer as in this chapter provided then the State Board of Health shall have the power to appoint such county or city health officer to hold office until the local authorities shall fill said office, first having given ten days notice in writing to such authority of the desire for such appointment."

"Art. 4427. DUTIES OF COUNTY HEALTH OFFICER. - Each county health officer shall perform such duties as have been required of county physicians, with relation to caring for the prisoners in county

jails and in caring for the inmates of county poor farms, hospitals, discharging duties of county quarantine and other such duties as may be lawfully required of the county physician by the commissioners court and other officers of the county, and shall discharge any additional duties which it may be proper for county authorities under the present laws to require of county physicians; and, in addition thereto, he shall discharge such duties as shall be prescribed for him under the rules, regulations and requirements of the Texas State Board of Health, or the president thereof, and is empowered and authorized to establish, maintain and enforce quarantine within his county. He shall also be required to aid and assist the State Board of Health in all matters of local quarantine, inspection, disease prevention and suppression, vital and mortuary statistics and general sanitation within his county; and he shall at all times report to said State board in such manner and form as it shall prescribe, the presence of all contagious, infectious and dangerous epidemic diseases within his jurisdiction; and he shall make such other and further reports in such manner and form and at such times as said State board shall direct; touching on such matters as may be proper for said State board to direct; and he shall aid said State board at all times in the enforcement of its proper rules, regulations, requirements and ordinances, and in the enforcement of all sanitary laws and quarantine regulations within his jurisdiction."

"Art. 4423. REMOVAL OF COUNTY HEALTH OFFICER. - In all matters with which the State Board of Health may be clothed with authority, said county health officer shall at all times be under its direction; and any failure or refusal on the part of said county health officer to obey the authority

and reasonable commands of said State
Board of Health shall constitute mal-
feasance in office, and shall subject
said county health officer to removal
from office at the relation of the State
Board of Health; and pending charges for
removal, said county health officer shall
not receive any salary or compensation.
Said cause shall be tried in the district
court of the county in which such county
health officer resides."

"Art. 4450. DUTIES OF CITY HEALTH
OFFICER. - Each city health officer shall
perform such duties as may be required of
him by general law and city ordinances
with regard to the general health and san-
itation of towns and cities, and perform
such other duties as shall be legally re-
quired of him by the mayor, governing
body or the ordinances of his city or
town. He shall discharge and perform
such duties as may be prescribed for him
under the directions, rules, regulations
and requirements of the State Board of
Health and the president thereof. He
shall be required to aid and assist the
State Board of Health in all matters of
quarantine, vital and mortuary statistics,
inspection disease prevention and suppres-
sion and sanitation within his jurisdic-
tion. He shall at all times report to the
State Board of Health, in such manner and
form as said board may prescribe, the
presence of all contagious, infectious
and dangerous epidemic diseases within
his jurisdiction, and shall make such
other and further reports in such manner
and form and at such times as said State
board shall direct, touching all such mat-
ters as may be proper for said board to
direct, and he shall aid said State board
at all times in the enforcement of proper
rules, regulations and requirements in the
enforcement of all sanitary laws, quaran-
tine regulations and vital statistics

collection, and perform such other
duties as said State Board shall direct."

It is also to be noted that Article 4429 provides
for the removal of any county health officer for failure to
refuse or properly discharge the duties of his office as
prescribed by this chapter. The State Board of Health shall
file charges with the commissioners court for the proper
county certifying wherein such officers have failed in the
discharging of their duties. Article 4431 provides for the
removal by the State Board of Health, of city health officers
for failure in certain instances to properly perform their
duties. Also Article 4427 confers the power upon the Texas
State Board of Health to prescribe rules, regulations and
requirements governing the activities of the county health
officer and Article 4430 imposes like duties upon the city
health officer to perform and discharge all duties prescribed
for him under the directions, rules, regulations and require-
ments of the State Board of Health, and of the president there-
of.

Thus, by reference to these several statutes and by
interpreting them in pari materia, we arrive at the conclusion
that while the local health units are not parts of the State
Health Department, they are nevertheless subject to its juris-
diction in limited respects. The question of whether the State
Health Department has the power to prohibit local health units
issuing certain certificates is not before us, but suffice it
to say the board has not done so.

Referring, therefore, to Article 715, P.C., your
first question is answered in the affirmative. Clearly the
State Health Department or any employee thereof, in issuing
certificates as to the excellence or purity of any foods or
drugs would be without authority.

Your second question is answered in the negative in-
sofar as it applies to Home Rule cities, and in the affirmative
insofar as it applies to counties. County commissioners have
no powers except those conferred in law. An examination of our
statutes reveals no power in the counties to issue the subject
certificates. City governments operating under Home Rule Char-
ters, as Lubbock in the instant case, are to be distinguished
from county governments because the State has in granting char-
ters to them delegated general powers incident to the mainte-
nance of the health and general welfare. Article 1175;

Dr. Geo. W. Cox, Page 7

1175 (28); 1175 (34). It is our opinion, therefore, that while Article 715 P.C. does not operate to restrain either county or city health units in this respect, we do not believe that the counties have in the first instance been delegated such power, whereas the Home Rule cities have.

The subject certificate is clearly illegal insofar as it purports to be issued on the authority of the State of Texas or the County of Lubbock. Such a certificate may, on appropriate authority of the city council of Lubbock, be issued but without the State seal appearing thereon.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Hugh Q. Buck
Assistant

HQB:RS

APPROVED OCT 11 1939

acting    ATTORNEY GENERAL OF TEXAS